IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ANDREW MORGAN, #96188                                                              PLAINTIFF

VERSUS                                                  CIVIL ACTION NO. 5:19-cv-36-DCB-MTP

TONY NICHOLS, Jail Administrator, et al.                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court sua sponte. Plaintiff filed the instant civil action pursuant to 42 U.S.C. § 1983 on May 1, 2019. *See* Compl. [1] at 1. The named Defendants are Tony Nichols, Jail Administrator, and Travis Patten, Sheriff of Adams County, Mississippi. *Id.* As relief, Plaintiff is requesting monetary damages and that "[a]ll charges be dismissed." *Id.* After consideration of the record in this case and relevant legal authority, and for the reasons discussed below, the Court finds that this civil action should be dismissed without prejudice.

On May 2, 2019, the Court entered an Order [3] advising Plaintiff of certain provisions of the Prison Litigation Reform Act. The Order directed Plaintiff to file, within 30 days, an Acknowledgment of Receipt and Certification if he wished to continue with this lawsuit or, if not, a Notice of Voluntary Dismissal. On the same date, the Court entered an Order [4] directing Plaintiff to file a completed *in forma pauperis* application or pay the required filing fee within 30 days. Both Orders [3, 4] warned Plaintiff that his failure to timely comply with the Orders or his failure to keep the Court informed of his current address might lead to the dismissal of his case. Plaintiff did not file the required documentation or otherwise respond to these Orders.

On June 19, 2019, the Court entered an Order to Show Cause [6] requiring that Plaintiff, on or before July 18, 2019: (1) file a written response, showing cause why this case should not be dismissed for Plaintiff's failure to comply with the prior Orders; and (2) comply with the prior Orders by

> (a) paying the required $400.00 fee or by filing a completed *in forma pauperis* application, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to the Court; AND
> (b) signing and returning to the Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4).

Plaintiff was cautioned that his "failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this cause being dismissed." Order [6] at 2. Plaintiff did not file the required documentation or otherwise respond to the Order to Show Cause.

Because Plaintiff is proceeding pro se, he was provided one final opportunity to comply with the Orders prior to the summary dismissal of this case. On August 5, 2019, a Second and Final Show Cause Order [7] requiring Plaintiff, on or before August 27, 2019: (1) file a written response, showing cause why this case should not be dismissed for Plaintiff's failure to comply with the prior Orders; and (2) comply with the prior Orders by

> (a) paying the required $400.00 fee or by filing a completed *in forma pauperis* application, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to the Court; AND
> (b) signing and returning to the Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4).

This Show Cause Order [7] warned Plaintiff that "failure to advise the Court of a change of

address or failure to timely comply with any order of the Court will be deemed as a purposeful delay and contumacious act by Plaintiff and *will result* in this cause being dismissed without prejudice and *without* further notice to Plaintiff." Order [7] at 3. Once again, Plaintiff did not comply with the Show Cause Order or otherwise contact the Court about this case.

This Court has the authority to dismiss an action sua sponte for failure to prosecute and failure to comply with court orders under Federal Rule of Civil Procedure 41(b) and under its inherent authority. *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

Plaintiff has failed to comply with four Court Orders [3, 4, 6, 7], and he has not contacted the Court since he filed his change of address [5] on May 8, 2019. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile. *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005). Therefore, the Court concludes that dismissal of this action is proper for Plaintiff's failure to prosecute and for failure to comply with the Orders of the Court under Rule 41(b). *See Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming dismissal based on inmate's failure to comply with a court order). Because the Defendant has not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the

dismissal of this civil action is without prejudice.  *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

IT IS, THEREFORE, ORDERED AND ADJUDGED that, for the reasons stated above, this civil action is dismissed without prejudice for failure to obey the Orders of the Court and to prosecute.  A separate Final Judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED, this the   19th   day of September, 2019.

> s/David Bramlette
> UNITED STATES DISTRICT JUDGE